UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL MOREJON,

    Plaintiff,

vs.                           CASE NO.: 3:23-cv-1455-HES-JBT

BENNETT, et.al.,

    Defendants.
_____/

## MOTION TO DISMISS

Defendants, Edward Bennett, Trent Sheldon Rulevitch, Quincy Grays, Jarrod Jackson, and John Samuel Lynch; in their respected official capacities, pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiff's claims for compensatory and punitive damages. Amended Complaint. (DOC. 21). In support, Defendants state:

1. Plaintiff fails to state a claim for compensatory damages because he fails to allege more than de minimis injury;

2. Plaintiff fails to state a claim for compensatory damages because he fails to allege malice; and

3. Plaintiff's claims for punitive damages must be dismissed because they are statutorily barred.

## PRELIMINARY STATEMENT

Plaintiff is a pro se inmate in the custody of the Florida Department of Corrections (DOC), presently incarcerated at Wakulla Correctional Institution, Crawfordville, Florida. Plaintiff filed a § 1983 civil rights action against Defendants, in their individual capacities, alleging excessive use of force in violation of the Eighth Amendment of the United States Constitution and failure to intervene in violation of the Fourteenth Amendment. Plaintiff seeks $80,000.00 in compensatory damages and $20,000.00 in punitive damages against each defendant.

## Plaintiff's Allegations

Plaintiff alleges that on February 9, 2023, upon being returned to his cell after a cell search, he pulled the fire sprinkler device in his cell, flooding the cell, resulting in a cell extraction. (Doc. 21, p. 6) According to Plaintiff, the extraction team entered his cell, Defendant Rulevitch threw the shield down, threw Plaintiff to the floor, and punched Plaintiff in the face. (Doc. 21, p. 7). Plaintiff alleges Defendants Bennet, Jackson, Lynch, and Grays watched Defendant Rulevitch punch Plaintiff and did not intervene. Plaintiff claims he sustained a 1-inch laceration to the right eyebrow; a ¾ inch laceration to his left eyebrow; contusion to bilateral temporal areas; contusions to forehead; mild bruising and swelling to bridge of nose; and a superficial abrasion to right chest. (Doc. 21, p. 8; Doc. 21-1)

2

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While *pro se* litigants are entitled to the benefit of having their pleadings liberally construed, a court cannot "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege an act or omission committed by a person acting under color of law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to state adequate factual allegations, the complaint is subject to dismissal. *Bell Atlantic Corp.*, 550 U.S. at 555-56.

**I.     Plaintiff fails to state a claim for compensatory damages because he fails to allege more than *de minimis* injury.**

Plaintiff fails to state a claim which would entitle him to compensatory damages because the injuries he complains of amount to *de minimis* physical

3

injuries. Plaintiff's request for compensatory damages from Defendants should be dismissed pursuant to 42 U.S.C. § 1997e(e).

"No federal civil action may be brought by a prisoner confined in a jail, prison, or other correction facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. *See Harris v. Garner (Harris II)*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc). Compensatory damages are unavailable absent physical injury. *Hoever v. Marks*, 993 F.3d 1353, 1362 (11th Cir. 2021); *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000) ("compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated").

Plaintiff's Amended Complaint (Doc. 21, p. 9) and Exhibit A (Doc. 21-1, p.2) allege contusion to the left and right temporal area, "slight bruising and swelling to bridge of nose," "superficial abrasion to right chest," and two small lacerations. The documented injuries are minor and consistent with cell extraction incidents. Plaintiff's injuries are merely *de minimis*.

Under 42 U.S.C. § 1997e(e) Plaintiff is not entitled to compensatory damages because he has not alleged any physical injuries that are more than *de minimis*. In

this case, Plaintiff did not allege any physical injury that would entitle him to relief. The Court should dismiss his claims for compensatory damages. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.), *reh'g en banc granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), and *opinion reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000), and *overruled by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021).

## II. Plaintiff fails to state a claim for compensatory damages because his allegations do not show malice.

Plaintiff's injuries and the officers' conduct after the cell extraction are inconsistent with Plaintiff's allegation Defendants acted maliciously during the cell extraction. The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010). The "core judicial inquiry" for an Eighth Amendment excessive force claim in a prison setting is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 599 U.S. 34, 37 (2010).

> To determine whether the officer applied the force maliciously and sadistically, we consider the following factors: "[1] the need for application of force, [2] the relationship between that need and the amount of force used, [3] the threat 'reasonably perceived by the responsible officials,' ... [4] 'any efforts made to temper the severity of a forceful response,'" and "[5] [t]he absence of serious injury."

5

*Miles v. Jackson*, 757 F. App'x 828, 829 (11th Cir. 2018) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

There was a need for application of force because "immediately after the officers walked away" after conducting a cell search, "Plaintiff popped the fire sprinkler causing a flooding in his cell." (Doc. 21, p. 6). *See Miles*, 757 F. App'x. at 830 (11th Cir. 2018). The use of a takedown is not disproportionate to the need to control an inmate who deliberately causes a disturbance. *See, Id.* ("The use of a takedown is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders.").

Plaintiff alleges Defendant Rulevitch's conduct was "out of malice and of wanton and willful disregard of the Plaintiff's human rights. " (Doc. 21, p. 7). Plaintiff does not allege the other Defendants acted with malice. Plaintiff's Amended Complaint (Doc. 21, p. 9) and Exhibit A (Doc. 21-1, p.2) allege contusion to the left and right temporal area, "slight bruising and swelling to bridge of nose," "superficial abrasion to right chest," and two small lacerations. The documented injuries are inconsistent with Plaintiff's claim Defendant Rulevitch "started to punch him brutally on the face with a clinched fist," with malice. (Doc. 21, p. 7; Doc. 21-1) The Court need not accept Plaintiff's conclusory allegations of malice because the facts he alleges are inconsistent with malice. *See Smith v. Brevard Cnty*,

6

461 F.Supp.2d 1243, 1248 (M.D. Fla. 2006) ("the Court … need not accept internally inconsistent factual allegations").

Plaintiff further alleges, "Minutes after the incident Plaintiff were [sic] taken to the medical unit for treatment." (Doc. 21, p. 8) The fourth factor thus also shows a lack of malice – the use of force was tempered because "a nurse came to assist [Plaintiff immediately following] the incident." *Miles v. Jackson*, 757 F. App'x 828, 830 (11th Cir. 2007); *See also Fennell v. Gilstrap*, 559 F.3d 1212, 1220 (11th Cir. 2009) (per curiam) (finding fact that "officers immediately summoned medical assistance for the injured inmate … strong evidence that there was no malicious and sadistic purpose in the use of force"). Plaintiff admits (Doc. 21, p. 8) and Exhibit A (Doc. 1, p. 16) supports that he received medical attention immediately after the use of force.

Plaintiff's claim for compensatory damages must be dismissed because it was reasonable for Defendants to use force to gain Plaintiff's compliance given the disturbance Plaintiff caused by deliberately flooding his cell, and nothing in Plaintiff's Exhibit A shows excessive force was used in the cell extraction. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1264 (11th Cir. 2020) (stating that "correctional officers in a prison setting can use pepper-spray or a takedown to subdue an inmate as long as a valid penological reason supports the use of such force").

7

Plaintiff failed to plausibly allege that Defendant Rulevitch's conduct was malicious and sadistic as required to state a claim for compensatory damages.

### III. Plaintiff's request for punitive damages must be dismissed.

Punitive damages are statutorily barred. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1)(A). To grant prospective relief, the Court must "fin[d] that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* The Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

Section 3626(a)(1)(A) applies to punitive damages because "prospective relief" is defined under the statute as "all relief other than compensatory monetary damages." 18 U.S.C. §3626(g)(7); *see also Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002) (finding that the plain language of the definition provision is clear and that "punitive damages are prospective relief"), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

As a categorical matter, punitive damages cannot satisfy the strict requirements of section 3626(a)(1)(A). First, punitive damages are never necessary

8

to correct a violation of a Federal right. This is because "correction" of a violation is accomplished through compensatory damages and punitive damages are, by their nature, never corrective.

> Although compensatory damages and punitive damages are typically awarded at the same time by the same decisionmaker, they serve distinct purposes. The former are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct. The latter, which have been described as "quasi-criminal," operate as "private fines" intended to punish the defendant and to deter future wrongdoing. A jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation.

*Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001) (citation and internal quotation omitted).

Second, even if an award of punitive damages could be thought reasonably necessary to correct a legal violation, such an award could not satisfy the additional, stringent limitations imposed by the PLRA — i.e., the requirements the relief be "narrowly drawn," "extend[] no further than necessary to correct the violation of the Federal right," and be "the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A); *see United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019) (the "cardinal rule" of statutory interpretation is to give "effect… to every clause… of a statute") (citation and internal quotation omitted). Even if deterring future violations is conceptualized as a means of correcting a violation, punitive damages are never the most

9

"narrow" and "least intrusive" to effectuate a correction. 18 U.S.C. §3626(a)(1)(A). As the Supreme Court explained, "[d]eterrence is… an important purpose of" the tort system created by section 1983, but deterrence primarily "operates through the mechanism of damages that are compensatory — damages grounded in determinations of plaintiffs' actual losses." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986).  The Supreme Court has made clear "nominal damages," not punitive damages, "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." *Id.*, at 308 n.11.  Even were punitive damages an "appropriate" means of vindicating such rights, they are not less burdensome, more narrowly tailored, or less intrusive than nominal damages.

Although the Eleventh Circuit held in *Hoever v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021), that "[42 U.S.C.] §1997e(e) permits claims for punitive damages without a physical injury requirement," it expressly declined to consider whether section 3626 bars punitive damages. *Id.*, at 1364 n. 5.  Because the Court did not consider the argument presented here, *Hoever* is not controlling on the issue. Likewise, in *Johnson v. Breeden*, 280 F.3d 1308, 1325-26 (11th Cir. 2002), the Eleventh Circuit indicated section 3626(a)(1)(A) does not bar punitive damages.[1]  However,

---

[1] The Court stated section 3626's requirements "mean that a punitive damages award must be no larger than reasonably necessary *to deter* the kind of violations of the federal right that occurred in the case.  They also mean that such awards should be imposed against no more defendants than necessary to serve *that deterrent function* and that they are the least intrusive way of doing so." 280 F.3d at 1325 (emphases added).  It further stated, "[m]any factors may enter into that determination.  For example, the number of… violations

10

The Eleventh Circuit in *Johnson* did not discuss, let alone reject, the argument that section 3626 categorically bars punitive damages. Therefore, *Johnson* is not dispositive on the issue.[2] *See United States v. Mitchell*, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered."); *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

The Circuit Courts have yet to directly address whether punitive damages are barred by section 3626. See, e.g., *Hoever*, 993 F.3d at 1364 n.5 ("We decline the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the *en banc* briefing question posed to the parties.") (citation omitted); *Al-Amin v. Smith*, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) ("Since we find that § 1997e(e) prevents Al–Amin, in the absence of physical injury, from offering evidence supporting an award of punitive damages in this action, we need not consider the validity or

---

an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations." *Id*. (emphasis added).

[2] To the extent that this Court is bound by *Johnson*, the argument that section 3626 bars punitive damages is presented here to preserve the issue for appellate review.

11

timeliness of Defendants' alternative argument that 18 U.S.C. § 3626 prohibits punitive damage recovery as well."), *overruled by Hoever*, 993 F.3d at 1363-64; *Vaughn v. Cambria Cnty. Prison*, 709 Fed. Appx. 152, 155 n.2 (3d Cir. 2017) ("The Magistrate Judge stated that punitive damages were unavailable under 18 U.S.C. § 3626(a)(1)(A) … We offer no opinion on this issue at this time, and defer consideration of it in this proceeding because liability has not yet been found.") (citation omitted); *Wilkerson v. Stalder*, 329 F.3d 431, 434 n.3 (5th Cir. 2003) ("The district court chose to defer ruling on the prison officials' claim that the Prison Litigation Reform Act bars the inmates' claim for punitive damages until such time as liability is found. Therefore, this issue is not properly before the court on appeal.") (citation omitted). Because of the apparent absence of Circuit precedent directly addressing this argument, Defendants rely on the plain meaning of the text of section 3626.

Punitive damages are never "necessary to correct the violation of" a federal right because, "[i]n the strictest sense of the term, something is 'necessary' only if it is essential." *Ayestas v. Davis*, 584 U.S. 28, 44 (2018) (citing Webster's Third New International Dictionary 1510 (1993); 10 Oxford English Dictionary 275–276 (2d ed. 1989)); *see also* Necessary, Black's Law Dictionary (12th ed. 2024) (defining necessary to mean "essential"). And the text and context of section 3626(a) indicate Congress intended to use the term "necessary" in the strict sense of the word.

12

Unlike the "necessary and proper clause" of Article I, Section 8, for example, section 3626 uses the term "necessary" in the context of a "strict limitation[]," not a broad authorization. *See Johnson*, 280 F.3d at 1323. Similarly, the immediately surrounding text provides relief is barred unless it is "narrowly drawn," "extends no further than necessary to correct the violation of the Federal right," and is "the least intrusive means necessary to correct the violation of the federal right." 18 U.S.C. § 3626(a)(1).

Punitive damages are not an appropriate mechanism for "correcting" a legal violation; to the extent damages serve a "corrective" function, that is what compensatory damages are for. By definition, "compensatory damages" are "[d]amages *sufficient* in amount to indemnify the injured person for the loss suffered." Damages, Black's Law Dictionary (12th ed. 2024) (emphasis added). Accordingly, punitive damages are not even intended to "correct" a legal violation by making the injured party whole; still less are they an "essential" way of making the plaintiff whole.

Consistent with dictionary definitions, caselaw recognizes that punitive damages awards serve two purposes, "punishing unlawful conduct and deterring its repetition." *State Farm Mut. Auto Ins. Co v. Campbell*, 538 U.S. 408, 416 (2003) (quotation omitted). Neither of these purposes makes punitive damages "necessary to correct" a violation of federal law. By definition, one may "correct"

a violation of law without "penalizing" past misconduct or "deterring" potential future violations. Ordinary English usage confirms that proposition. For example, one does not "correct" a future error before it happens; one seeks to deter it — i.e., to prevent it from happening in the first place. Likewise, punishment is not strictly necessary to remedy a wrong; instead, punishment serves other goals, like deterrence or retribution. *Cf. Kokesh v. S.E.C.*, 581 U.S. 455, 461-62 (2017) (distinguishing between remedies that are penalties, i.e. those that seek to punish, and those that seek to "compensate[e] a victim for his loss").

Moreover, reading section 3626 to categorically bar punitive damages does not prevent the court from fully remediating ongoing violations. In many civil actions regarding prison conditions, a plaintiff alleges that his federal rights are being violated on an ongoing basis. In those cases, prospective relief may be warranted—for example, in the form of declaratory or injunctive relief that requires prison officials to "correct" their violation by bringing their conduct into conformity with the law. As this Court has explained in the context of interpreting section 1997e(e), such relief provides a "reasonably adequate opportunity" to seek redress for "constitutional violations," even if prisoners "may not recover monetary damages for such claims." *Al-Amin*, 637 F.3d at 1197 (quotation marks and citation omitted).

14

To clear the high bar of the PLRA, relief other than compensatory monetary damages must extend "no further than necessary to correct the violation of the Federal right *of [the] particular plaintiff or plaintiffs*." 18 U.S.C. § 3626(a)(1)(A) (emphasis added). Punitive damages awards aimed at protecting inmates generally (e.g., through deterrence), rather than correcting the violations suffered by the particular plaintiff bringing the suit, are prohibited. Punitive damages awards must also be defendant-specific. Section 3626(a)(1) requires they be "narrowly drawn," which means any deterrent must be aimed at deterring the particular defendant, not the correctional facility or government in general.

Because this Court cannot find that punitive damages are necessary to correct a violation of Plaintiff's rights, or the least intrusive means necessary to do so, punitive damages are barred by section 3626(a)(1)(A). Therefore, Plaintiff's request for punitive damages must be stricken.

## CONCLUSION

The court should dismiss Plaintiff's claims for compensatory damages because he fails to allege more than de minimis injury and fails to adequately allege malice. The Court should strike Plaintiff's claims for punitive damages.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Daniel Palardy*
Daniel Palardy, Esq.
Florida Bar No. 1040666
Senior Assistant Attorney General
Office of the Attorney General
Civil Litigation Division – North Bureau
1300 Riverplace Blvd. Suite 405
Jacksonville, Florida 32207
(904) 456-6484
Daniel.Palardy@myfloridalegal.com
*Counsel for Defendants*

## Local Rule 3.01(g) Certification

I hereby certify that on August 20, 2024, I conferred with Plaintiff regarding this Motion. Plaintiff opposes.

*/s/ Daniel Palardy*
Daniel Palardy, Esq.

16

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, a true and correct copy of this *Motion to Dismiss* will be furnished by U.S. Mail to:

Miguel Morejon, DC # 099415
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida 32327

>                                         */s/ Daniel Palardy*
>                                         Daniel Palardy, Esq.